UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALFREDO ARCILA LOPEZ,**
    *Petitioner*,

v.   Case No. 5:26-CV-0355-JKP

**BOBBY THOMPSON, et al.,**
    *Respondents*.

## ORDER DENYING MOTION
## REGARDING CONDITIONS OF RELEASE

Before the Court is a Motion for Urgent Remedy and Sanctions (ECF No. 9) filed by Petitioner after the Court granted his habeas petition and ordered him released "under appropriate conditions of release." In response (ECF No. 11), Respondents contend that they have complied with the order of the Court, that Petitioner's proper recourse is through the immigration procedures, and that the Court should reconsider its release order in light of *Buenrostro-Mendez*, ___ F.4th ___, ___, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In reply (ECF No. 12), Petitioner disagrees in all respects.

At the outset, the Court declines to reconsider its release order based upon an argument made in response to the motion now before it. Further, because Respondents do not contest the underlying facts, the Court accepts the following facts presented through the instant motion. On the day of his release, the Government insisted that Petitioner sign a Participation Agreement for Voluntary Participation in the ISAP Electronic Monitoring Program as a requirement for release. Not only did the Government impose electronic monitoring, but it also restricted Petitioner's travel to seventy-five miles of his residence in Lockhart, Texas. Petitioner contends that such travel restriction is incompatible with his employment, which requires travel to areas outside that seventy-five-mile radius. Petitioner's prior terms of release did not include either electronic monitoring or the seventy-five-mile travel restriction.

While previously imposed terms of release generally are relevant to whether currently imposed conditions are appropriate, the Court also recognizes that the immigration context is quite fluid with ever-changing facts and circumstances that may warrant additional or different imposed

conditions in a given circumstance. The currently imposed conditions are not of such nature that the Court views judicial intervention warranted. Nor do the circumstances warrant sanctions. Although the Court understands Petitioner's disagreement with the conditions of his release, such disagreement, including correction of any alleged factual error, more appropriately lies with the immigration court and not this one. Accordingly, the Court **DENIES** the Motion for Urgent Remedy and Sanctions (ECF No. 9).

    **IT IS SO ORDERED this 4th day of March 2026.**

                                        **JASON PULLIAM**
                                        **UNITED STATES DISTRICT JUDGE**